■ Mohammad Fofana, Plaintiff, v 41 West 34th Street, LLC, et al., Respondents, and Newmark & Company Real Estate, Inc., Appellant, et al., Defendant. [878 NYS2d 734]—

Order, Supreme Court, Bronx County (Nelson S. Roman, J.), entered July 18, 2007, which, to the extent appealed from, denied the motion by defendant Newmark, for summary judgment on its purported cross claim for contractual indemnification against defendant Midboro, unanimously affirmed, without costs.

In 2004, plaintiff and another individual named Haynes were injured in a fall down the freight elevator shaftway of a Manhattan building ground-leased to Midboro and managed by Newmark. Plaintiff commenced the instant action in Supreme Court, New York County, against Newmark and others, not including Midboro. In May 2006, the action was transferred to Bronx County for a joint trial with an action commenced by Haynes. In February of that year, plaintiff had brought a separate action in New York County, naming Midboro as the only defendant. This appeal emanates from Newmark's motion, in August 2006, to consolidate this action with the action against Midboro, and grant Newmark "a defense and indemnification as against Midboro." Supreme Court denied as moot the motion insofar as Newmark sought consolidation, because by the time of the court's decision in July 2007, these actions had already been consolidated by order of Justice Tuitt in December 2006. With respect to Newmark's claim for indemnification, the court ruled that summary judgment could not be granted on a cross claim that at the time had yet to be asserted.

Summary judgment can only be awarded on an unpleaded claim if the proof supports such a claim and the opposing party has not been prejudiced (*Kramer v Danalis*, 49 AD3d 263 [2008]). Here, Midboro was not yet a party to this action when the motion was made. Consolidation did not occur until four months after Newmark sought summary judgment for indemnification. Concur—Gonzalez, P.J., McGuire, Moskowitz, DeGrasse and Freedman, JJ.